UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **SETH FLETCHER**<br>1100 Barney Old Field<br>Wauseon, OH  43567<br><br>　　　　Plaintiff<br><br>　vs.<br><br>**Correctional Officer Dustin Knox,**<br>**Correctional Officer Christopher Coy,**<br>**Capt. T. White, Capt. C. Brown, Lt. R. Hester, Lt. N. Varner, Lt. K. Lawhorn,**<br>**Correctional Officer C. McGuire,**<br>**Correctional Officer D. Lambert,**<br>**Correctional Officer J. Mullet,**<br>**Correctional Officer D. Breyfogle,**<br>**Krista Wooten, RN, and Eric Anderson-Psych**<br>c/o Chillicothe Correctional Institution<br>15802 State Route North 104<br>Chillicothe, OH  45601<br><br>　　　　Defendants. | CASE NO. 2:20-cv-1912<br><br>JUDGE<br><br><br><br><br><br>**SECOND AMENDED**<br>**COMPLAINT**<br><br>*[Reliance on Jury Demand previously filed]* |

**SECOND AMENDED COMPLAINT AND RELIANCE ON JURY DEMAND**

Now comes Seth Fletcher, by and through counsel, and state and aver as follows for his Complaint against the above-named Defendants.

**PRELIMINARY STATEMENT**

1. This action seeks relief for violations of Seth Fletcher's rights secured and guaranteed by Title 42, Section 1983 of the United States Code ("U.S.C."), the, Eighth Amendment, applicable to the State through the 14th Amendment to the United States Constitution, the laws of the United States and the laws of the state of Ohio.

2. Upon all information and belief, the claims asserted herein arise from an incident occurring on April 3, 2020 and continuing through April 5, 2020.

3. At all times relevant, Seth Fletcher was incarcerated in the Chillicothe Correctional Institution, and under the custody and control of the Defendants, Correctional Officer Dustin Knox (hereinafter "Knox"), Correctional Officer Christopher Coy ("Coy"), Capt. T. White, Capt. C. Brown, Lt. R. Hester, Lt. N. Varner, Lt. K. Lawhorn, Correctional Officer C. McGuire (hereinafter "McGuire"), Correctional Officer D. Lambert (hereinafter "Lambert"), Correctional Officer J. Mullet (hereinafter "Mullet"), Correctional Officer D. Breyfogle (hereinafter "Breyfogle"), when he was assaulted, beaten and rendered a quadriplegic as a direct result of the actions by Defendants Knox and Coy.

4. Additionally, after beating Seth Fletcher, instead of obtaining medical aid for Mr. Fletcher's readily apparent serious injuries, Defendant Krista Wooten, RN, (hereinafter "Wooten") ignored Seth Fletcher's pleas for help as he repeatedly stated he couldn't move or walk.

5. Further, instead of obtaining medical aid for Mr. Fletcher's readily apparent serious injuries, Defendants Knox, Coy, Capt. T. White, Capt. C. Brown, Lt. R. Hester, Lt. N. Varner, Lt. K. Lawhorn, McGuire, Lambert, Mullett, and Breyfogle placed Seth Fletcher into an isolation cell while he was suffering from a serious spinal cord injury. Seth Fletcher was left in an isolation cell suffering serious readily observable injuries and in need of medical assistance.

6. Defendants, Knox, Coy, Capt. T. White, Capt. C. Brown, Lt. R. Hester, Lt. N. Varner, Lt. K. Lawhorn, McGuire, Lambert, Mullett, Breyfogle, Wooten, and Eric Anderson-Psych (hereinafter "Anderson"), were all aware of Seth's inability and/or

decreasing ability to move as a result of the cord injury and ignored his serious medical condition.

7. As a result of all Defendants ignoring the emergent medical condition of Seth Fletcher, he has suffered serious and permanent injuries including but not limited quadriplegia.

8. The claims asserted herein arise from acts, failures to act and omissions committed, and failure to adhere to policies, procedures and customs in place and/or implemented at the Chillicothe Correctional Institution by Defendants while Plaintiff Seth Fletcher was in the custody of the Chillicothe Correctional Institution and during his detention at the Chillicothe Correctional Institution on or about April 3rd and continuing through April 5th of 2020.

9. At this time, each of the above named Defendants, all of whom were acting under the color of law, violated the known and clearly established constitutional rights of Plaintiff Seth Fletcher to be free from the sadistic and malicious use of excessive force, to due process of law and to necessary medical and mental health care and treatment.

10. Defendants, while they were employed, did in fact, participate in, authorized, ratified and/or failed to intervene to prevent sadistic, malicious and excessive uses of force under the circumstances, and acted willfully, wantonly, maliciously and with deliberate indifference to and callous disregard for Seth Fletcher's constitutional rights, and in a manner that shocks the conscience and offends traditional notions of decency, all of which led to his injuries as alleged and described herein.

11. Plaintiff seeks monetary damages (compensatory and punitive), as well as an award of costs and reasonable attorneys' fees, and all such other relief as the Court deems appropriate.

## **PRELIMINARY ALLEGATIONS**

12. Plaintiff hereby restates and realleges each and every allegation as is set forth herein.

13. This action is brought, in part, under Title 42 U.S.C. § 1983 and under the Eighth Amendment of the United States Constitution and pursuant to the general laws of the United States and the laws of the state of Ohio.

14. Plaintiff alleges that the conduct of the above mentioned Defendants did deprive Seth Fletcher of his constitutional right to be free from sadistic and malicious use of excessive force, and to receive medical and mental health care for his serious medical and mental health condition(s) and needs which went ignored causing Seth Fletcher to suffer grievous physical and mental pain, suffering, anxiety, harm and ultimately led to quadriplegia while in the care and custody of the Chillicothe Correctional Institution, under the direct and continuous custody, control, supervision and care of the Defendants.

15. Defendant Coy and Knox both caused the injuries to Seth Fletcher and they are both responsible for the unlawful conduct and resulting harm by, *inter alia*, personally participating in the conduct.

16. Defendants Capt. T. White, Capt. C. Brown, Lt. R. Hester, Lt. N. Varner, Lt. K. Lawhorn, McGuire, Lambert, Mullett, Breyfogle, Wooten, and Anderson, are both responsible for the unlawful conduct and resulting harm by acting jointly and in concert with others who did so; by authorizing, acquiescing, or failing or refusing, stood by idly

with deliberate indifference to and reckless disregard for Seth Fletcher's clearly established and known rights.

## JURISDICTION AND VENUE

17. Plaintiff hereby restates and realleges each and every allegation as if fully set forth herein.

18. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as certain claims asserted herein arise under the Constitution and laws of the United States, to wit, the Eighth Amendment to the United States Constitution and 42 U.S.C. § 1983. This Court also has pendant jurisdiction over state law claims asserted herein is invoked.

19. The matter in controversy exceeds $75,000.00, exclusive of interest and costs.

20. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b)(2), (e)(1) and (e)(2).

## PARTIES

21. Seth Fletcher is the plaintiff. He is currently in The Ohio State University Medical Center recovering from catastrophic injuries rendering him a quadriplegic as a result of being beaten by Defendants Knox and Coy.

22. At all times relevant Seth Fletcher is a citizen of the United States of America residing in the state of Ohio within the Northern District of Ohio and entitled to the protections of the Constitutions and laws of the United States of America and the state of Ohio.

23. At all times relevant, Defendant Correctional Officer Knox and Correctional Officer Coy, were under non-delegable duties to refrain from using excessive and/or

sadistic and malicious force on those imprisoned at the Chillicothe Correctional Institution, and to ensure that prisoners at the Chillicothe Correctional Institution were not subjected to excessive and/or sadistic and malicious force in violation of their constitutional rights as well as receiving medical attention for an inmate such as Seth Fletcher's serious and obvious medical condition as he was at all times relevant in need of emergent medical care.

24. At all times relevant, Defendants, Knox, Coy, Capt. T. White, Capt. C. Brown, Lt. R. Hester, Lt. N. Varner, Lt. K. Lawhorn, McGuire, Lambert, Mullett, Breyfogle, Wooten, and Anderson were Chillicothe Correctional Institution employees and/ or employees working at the Chillicothe Correctional Institution and employed through the Ohio Department of Corrections acting within the course and scope of their employment with the Chillicothe Correctional Institution, and under the color of law, who were directly responsible for Seth Fletcher in his custody, supervision, control, at the Chillicothe Correctional Institution. Defendants, Knox and Coy are "persons" as defined in 42 U.S.C. § 1983 and are hereby sued in their individual capacities.

25. At all times relevant, Defendants Knox, Coy, Capt. T. White, Capt. C. Brown, Lt. R. Hester, Lt. N. Varner, Lt. K. Lawhorn, McGuire, Lambert, Mullett, Breyfogle, Wooten, and Anderson were acting within the course and scope of their employment with the Chillicothe Correctional Institution, and under the color of law, and were directly responsible for Seth Fletcher's safety, custody, supervision, control, and care at the Chillicothe Correctional Institution. Defendants, Knox and Coy are "persons" as defined by 42 U.S.C. § 1983 and are hereby sued in their individual capacities.

## **GENERAL FACTUAL ALLEGATIONS**

26. Seth Fletcher, at approximately the age of 18 was arrested in Wauseon, OH, convicted and sentenced to approximately 2 years in prison. He was due to be released in June of 2020.

27. Seth Fletcher was ultimately confined to Chillicothe Correctional Institution. During this period of detention, Seth Fletcher was within the continuous exclusive custody, supervision, care, of the correctional officers of this facility and ultimately Defendants Knox and Coy.

28. Upon all information and belief, it was known to Defendants Knox and Coy that Seth Fletcher had a diagnosis of Asperger's.

29. At all times relevant, the Defendants were aware and on notice, or should have been aware, of Seth Fletcher's history of mental health issues including his Asperger's diagnoses/conditions.

30. During the period of detention of April of 2020, the Defendants Knox and Coy mocked and teased Seth Fletcher.

31. On or about April 3, 2020 the teasing continued, and the verbal exchange was escalated by the Defendant officers Knox and Coy.

32. At all times relevant, and upon all information and belief, on April 3, 2020, Seth Fletcher was behaving in a way that angered Defendants Knox and Coy.

33. At all times relevant, and upon all information and belief, on April 3, 2020, without justification Defendants Knox and Coy escalated the situation and physically began to attack Seth Fletcher.

34. Defendants Knox and Coy took Seth Fletcher to the ground in order to restrain him.

35. After Seth Fletcher was restrained, Defendants Knox and Coy, began maliciously and sadistically punching, delivering strikes, and kicks all over the body of Seth Fletcher.

36. The strikes were excessive, malicious, sadistic and severe. The strikes were not necessary for any penal purposes and resulted in serious and permanent injuries including but not limited to quadriplegia to Seth Fletcher.

37. While Seth Fletcher was being beaten from the sadistic and malicious force applied by Defendants Knox and Coy, he was on the ground and completely defenseless.

38. Defendant officers Knox and Coy did in fact punch and kick Seth Fletcher numerous times, all being done in an unreasonable, unjustified, and unlawful manner.

39. After beating him bloody and almost unconscious, the Defendants Knox and Coy eventually carried Seth Fletcher to restrictive housing.

40. As part of Seth's admission into restrictive housing, he was evaluated by Defendant Wooten at approximately 6:07 p.m. where she stated there was no evidence of abuse and/or trauma and placed a routine mental health referral for Seth to be seen in fourteen (14) days.

41. Seth requested medical attention and his first sick call was placed. At approximately 6:28 p.m. Defendant Wooten evaluated Seth again and noted that he was disheveled, no evidence of trauma was noted, and no medical treatment was required despite the fact that Seth was just recently beaten by Defendants Knox and Coy.

42. Seth placed a second request for medical at approximately 6:37 p.m. stating "I don't know where I'm at." This time, Defendant Wooten noted that Seth was "bleeding from the nose…no step offs or crepitation noted at cervical spine, thoracic spine or lumbar spine," and that Seth was refusing to sit up or hold his head up.

43. At all times relevant hereto, Defendant Wooten knew that Seth was stating he was unable to walk and yet she released him back to restrictive housing without following up on his serious medical needs.

44. At approximately 6:43 p.m. Defendant Wooten evaluated Seth for a fourth time and did an Emergency Assessment due to Seth complaining that he could not walk and still claiming he did not know where he was at.

45. Once more, Defendant Wooten did not show concern for Seth's apparent medical emergency and refused to notify a physician despite Seth's claims that he could not walk and showed complete indifference to the obvious medical need of Seth Fletcher.

46. At approximately 7:10 p.m., Defendant Lambert checked Seth's cell and observed Seth crying in his cell as he was suffering from a serious medical condition requiring immediate emergent medical treatment.

47. Despite observing Seth suffering from a serious medical condition, Defendant Lambert was deliberately indifferent to Seth's needs.

48. At approximately 7:10 p.m., Defendant Lambert checked Seth's cell and again observed Seth crying in his cell as he was suffering from a serious medical condition requiring immediate emergent medical treatment.

49. At all times relevant, it was clear to an average observer that Seth Fletcher was suffering from a serious medical condition requiring immediate emergent medical treatment, yet Defendant Lambert refused to call for medical assistance.

50. At approximately 7:32 p.m., another sick call was placed to Defendant Wooten. Again, Seth continued to state that he could not move and required immediate medical attention.

51. Defendant Wooten again evaluated Seth and noted that he was not responding to painful stimuli and that his body remained limp however, he was released back to restrictive housing.

52. At all times relevant hereto, Seth was experiencing a medical emergency, to which Defendant Wooten was aware and was unsympathetic toward Seth's medical emergency by refusing to transport him to a hospital and/or call a physician for an assessment.

53. At all times relevant hereto, at approximately 7:38 p.m., Defendant Wooten evaluated Seth for a mental health screening due to Seth making a comment of "just let me die" after complaining repeatedly that he could not move and needed medical attention.

54. Again, Defendant Wooten knew that Seth was unable to move but attributed his serious medical ailment as Seth refusing to comply with instructions.

55. Defendant Wooten knew that Seth was unable to move yet refused to seek emergency treatment or notify a physician.

56. At all times relevant hereto, at approximately 11:38 p.m., while conducting a bed check of Seth Fletcher, Defendant Breyfogle observed and heard Seth Fletcher yelling in pain.

57. Despite observing Seth suffering from a serious medical condition, Defendant Breyfogle was deliberately indifferent to Seth's needs.

58. On April 4, 2020, at approximately 9:49 a.m., Defendant Anderson evaluated Seth's mental health.

59. At all times relevant hereto, Seth informed Defendant Anderson that he could not move and was in a lot of pain.

60. At all times relevant hereto, Defendant Anderson observed Seth lying on his bed with his head partially hanging off and observed that Seth could only move his head slight.

61. Despite Seth's obvious serious medical needs, Defendant Anderson was aware and deliberately indifferent toward Seth's medical emergency.

62. At all times relevant, from 7:10 p.m. on April 3, 2020 through 10:40 a.m. on April 4, 2020, a cell check of Seth Fletcher's cell was conducted every 10 to 15 minutes by Defendants, Capt. White, McGuire, Lambert, Mullett, and Breyfogle.

63. At all times relevant, from 7:10 p.m. on April 3, 2020 through 10:40 a.m. on April 4, 2020, Defendants, Capt. White, McGuire, Lambert, Mullett, and Breyfogle were aware of Seth's serious medical condition and chose to ignore the condition. The serious medical condition was that of both orthopedic and neurological because the force applied by both correctional officers (Knox and Coy) caused a fracture to Seth Fletcher's neck in multiple locations, thereby damaging his spinal cord.

64. Defendants Knox, Coy, Capt. T. White, Capt. C. Brown, Lt. R. Hester, Lt. N. Varner, Lt. K. Lawhorn, McGuire, Lambert, Mullett, Breyfogle, Wooten, and Anderson intentionally deprived Seth Fletcher of medical treatment they knew he needed. Rather than having Seth Fletcher seen by medical, they placed him into a cell by himself until April 5, 2020.

65. Upon all information and belief, On April 4, 2020, at approximately 10:40 a.m., Seth Fletcher was discovered to be motionless by Denise Dunn, RN, who immediately called for an emergency transport to the hospital in Chillicothe, OH.

### **FIRST CLAIM FOR RELIEF**

**Violation of 42 U.S.C. § 1983 Against Defendants Knox and Coy in Their Individual Capacities for Excessive Force in Violation of the Eighth Amendment**

66. Plaintiff restates the above paragraphs by reference as if fully rewritten herein.

67. At the time and place referenced above herein, the Correctional Officer Defendants Knox and Coy named in this Claim for Relief in turn or together beat, applied excessive force, applied multiple sadistic and malicious strikes, punches and kicks to Seth Fletcher's body, ultimately breaking his neck which led to quadriplegia. Additionally, the Correctional Officer Defendants Knox and Coy named in this Claim for Relief assaulted and battered, or supervised or failed to intervene when fellow officers assaulted and battered Seth Fletcher with their hands and feet, before and while Seth Fletcher was not a threat to anyone, and for no legitimate penal purpose.

68. The force employed by the Defendant correctional officers Knox and Coy named in this Claim for Relief in securing Seth Fletcher, striking him multiple times to the head and face, kicking him, participating in the foregoing acts and omissions, ordering,

authorizing, directing, supervising, approving and/or ratifying the foregoing acts and omissions and acquiescing, failing and/or refusing to prevent and intervene in the foregoing acts and omissions, constitute conduct under the color of state law which deprived Seth Fletcher, of his clearly established and known rights to be free from cruel and unusual punishment proscribed by the Eighth Amendment.

69. As a direct and proximate result of these Defendants' violations of Seth Fletcher's constitutional rights, which resulted in multiple injuries, including spinal cord injury, fractured neck, quadriplegia, physical pain and suffering, punitive damages extreme physical, mental and emotional pain and suffering, pecuniary loss, including medical expenses past and future, future wage loss and/ or future loss of earning capacity, as well as all damages allowable under 42 USC 1988 for attorney fees and costs.

**WHEREFORE,** Plaintiffs pray for judgment against the Defendants named in this Claim for Relief, jointly and severally, for:

a) Compensatory damages in an amount that will fully and fairly compensate Plaintiffs, Seth Fletcher for his above described, damages and loss;

b) Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c) Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d) All such other relief which the Court deems appropriate.

**SECOND CLAIM FOR RELIEF**

**Violation of 42 U.S.C. § 1983 Against Defendants, Knox, Coy, Capt. T. White, Capt. C. Brown, Lt. R. Hester, Lt. N. Varner, Lt. K. Lawhorn, McGuire, Lambert, Mullett, Breyfogle, Wooten, and Anderson in Their Individual Capacities for Deliberate Indifference to Serious Medical Needs in Violation of The Eighth Amendment.**

70. Plaintiffs restate the above paragraphs by reference as if fully rewritten herein.

71. This Second Claim for Relief is brought against Defendants Knox, Coy, Capt. T. White, Capt. C. Brown, Lt. R. Hester, Lt. N. Varner, Lt. K. Lawhorn, McGuire, Lambert, Mullett, Breyfogle, Wooten, and Anderson pursuant to 42 U.S.C. § 1983 for deliberate indifference to and callous and/or reckless disregard for the rights and critical medical and mental health needs of Plaintiff Seth Fletcher, an individual suffering from an obvious and known acute medical health condition that required appropriate care, treatment, assessment, intervention, referral, medication and attention to prevent substantial physical and mental health deterioration..

72. At all times relevant, to wit: after Defendants Knox and Coy beat, struck, kicked and applied force, which was excessive, both defendants ignored the medical condition of Seth Fletcher who was beaten so badly he was in obvious need of medical treatment and care. His medical condition was worsening. Defendants Knox, Coy, Capt. T. White, Capt. C. Brown, Lt. R. Hester, Lt. N. Varner, Lt. K. Lawhorn, McGuire, Lambert, Mullett, Breyfogle, Wooten, and Anderson ignored his condition which was observable to them, which they knew he was suffering from and instead of getting medical treatment they allowed Seth Fletcher to lay motionless on his bed.

73. At all times relevant, to wit, after Defendants Knox and Coy beat, struck, kicked and applied force, which was excessive, to Seth Fletcher, immediately medical

attention should have been provided even if Defendants believed Seth Fletcher did not appear injured, pursuant to Ohio Department of Rehabilitation & Correction Use of Force Policy.

74. Furthermore, after Seth Fletcher was beaten by both officers Knox and Coy, Seth Fletcher was rendered immobile and didn't move. It was clear to both officers that the encounter rendered Seth Fletcher into a position of helplessness needing emergent medical treatment.

75. At all times relevant, Defendants Knox, Coy, Capt. T. White, Capt. C. Brown, Lt. R. Hester, Lt. N. Varner, Lt. K. Lawhorn, McGuire, Lambert, Mullett, Breyfogle, Wooten, and Anderson observed Seth Fletcher in his isolation cell crying, complaining of not being able to move, and appearing motionless on his bed,

76. At all times relevant, Seth Fletcher was suffering from an objectively obvious serious medical condition for which he required immediate care, treatment, medication(s), and referral, the refusal of which posed a high risk of and did cause serious injury and potentially death.

77. At all times relevant the Defendants Knox, Coy, Capt. T. White, Capt. C. Brown, Lt. R. Hester, Lt. N. Varner, Lt. K. Lawhorn, McGuire, Lambert, Mullett, Breyfogle, Wooten, and Anderson named in this Claim for Relief were subjectively aware of the seriousness of Seth Fletcher's medical and conditions and the risk of death or serious injury if said conditions were not immediately addressed with appropriate medical care.

78. Despite the obviousness of Seth Fletcher's condition and the known risk of serious injury and potentially death absent immediate appropriate medical care, the Defendants named in this Claim for Relief failed and refused to secure the medical care

necessary and were deliberately indifferent to Seth Fletcher's condition and the risks posed thereby absent appropriate care.

79. As a direct and proximate result of the conduct of the Defendants Knox, Coy, Capt. T. White, Capt. C. Brown, Lt. R. Hester, Lt. N. Varner, Lt. K. Lawhorn, McGuire, Lambert, Mullett, Breyfogle, Wooten, and Anderson in denying Seth Fletcher necessary medical assessment, evaluation, care, intervention, referral and treatment, he suffered constitutional rights violations, which resulted in multiple injuries, including spinal cord injury, fractured neck, physical pain and suffering, punitive damages, extreme physical, mental and emotional pain and suffering, pecuniary loss, including medical expenses past and future, future wage loss and/ or future loss of earning capacity, as well as all damages allowable under 42 USC 1988 for attorney fees and costs.

**WHEREFORE,** Plaintiffs pray for judgment against Defendants named in this Claim for Relief, jointly and severally, for:

   a) Compensatory damages in an amount that will fully and fairly compensate the Plaintiff Seth Fletcher, for his injuries, damage and loss;

   b) Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

   c) Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

   d) All such other relief which the Court deems appropriate.

## **THIRD CLAIM FOR RELIEF**

### Ohio State Law Claims
### Assault and Battery Against Defendants Knox and Coy

80. Plaintiffs restate and incorporate the above paragraphs as if fully stated herein.

81. Defendants, Knox and Coy intentionally and unlawfully threatened Plaintiff Seth Fletcher with physical harm and violence against his person.  It appeared, and ultimately proved to be true, that these Defendants had the ability to carry out the threats of physical harm and violence against him.  As a direct and proximate result, Seth Fletcher was placed in imminent fear of harm by these Defendants.

82. The Defendants Knox and Coy named in this Claim for Relief committed, participated in committing, authorized and/or acquiesced and/or filed to intervene in the commission of unlawful acts of physical harm and violence against Plaintiff Seth Fletcher including, but not limited to:

> a) Multiple punches and kicks to the body of Seth Fletcher numerous times for an excessive period of time;
>
> b) Using excessive, malicious and sadistic force to control Seth Fletcher; and
>
> c) Using excessive and malicious force, including physically assaulting Seth Fletcher in the head and ultimately breaking his neck.

83. The Defendants Knox and Coy named in this Claim for Relief acted maliciously, intentionally, and with a conscious, reckless and/or callous disregard for the

safety of Seth Fletcher and in a manner that was likely and substantially certain to, and did, cause grievous injury to Seth Fletcher.

84. These acts committed against Plaintiff Seth Fletcher directly and proximately caused him to sustain serious physical injury, mental pain and suffering. Said acts constitute unlawful and unprivileged assault and battery.

85. As a direct and proximate result of these Defendants' Knox and Coy unlawful acts of assault and battery committed against Plaintiff Seth Fletcher he was forced to and did endure and suffer extreme physical, mental, and emotional pain and suffering, and pecuniary loss, including medical expenses, loss of income and/ or earning capacity as well as future employment benefits.

86. As a direct and proximate result of these Defendants' unlawful acts of assault and battery committed by the Defendants Knox and Coy Plaintiff Seth Fletcher suffered mental anguish, emotional pain and suffering, and lost earnings/income and/or benefits.

**WHEREFORE,** Plaintiffs pray for judgment against the Defendants named in this Claim for Relief, jointly and severally, for:

    a) Compensatory damages in an amount that will fully and fairly compensate Plaintiff Seth Fletcher;

    b) Punitive damages against Defendants, Knox and Coy in an amount that will serve to adequately punish and deter the conduct alleged herein;

    c) Costs of suit; and

    d) All such other relief which the Court deems appropriate.

***TRIAL BY JURY ON ALL CLAIMS FOR RELIEF HEREBY DEMANDED.***

/s/ Nicholas A. DiCello
NICHOLAS A. DICELLO (0075745)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (FAX)
*ndicello@spanglaw.com*

/s/James J. Harrington, IV
JAMES J. HARRINGTON, IV (P65351)
Admitted Pro Hac Vice
**FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.**
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
(248) 355-5148 (FAX)
*j.harrington@fiegerlaw.com*

***Counsel for Plaintiff***

Dated: October 1, 2020