IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SETH FLETCHER, | ) | Case No. 2:20-cv-1912 |
| | ) | Hon. Michael H. Watson |
| Plaintiff, | ) | Mag. Judge Deavers |
| | ) | |
| V | ) | |
| | ) | |
| CORRECTIONAL OFFICER, DUSTIN | ) | |
| KNOX, CORRECTIONAL OFFICER | ) | |
| CHRISTOPHER COY, CAPT. TA-RANCE | ) | |
| WHITE, CAPT. C. BROWN, LT. | ) | |
| RANDOLPH HESTER, LT. NATNAN | ) | |
| VARNER, LT. K. LAWHORN, | ) | |
| CORRECTIONAL OFFICER CHRIS | ) | **PLAINTIFF'S THIRD AMENDED** |
| MCGUIRE, CORRECTIONAL OFFICER | ) | **COMPLAINT AND RELIANCE ON** |
| DANIEL LAMBERT, CORRECTIONAL | ) | **JURY DEMAND** |
| OFFICER J. MULLET,  CORRECTIONAL | ) | |
| OFFICER D. BREYFOGLE, KRISTA | ) | |
| WOOTEN, RN, ERIC ANDERSON-PSYCH, | ) | |
| CORRRECTIONAL OFFICER GARRETT | ) | |
| OSBON, CORRECTIONAL OFFICER | ) | |
| SUMMER ALLEY, CORECTIONAL | ) | |
| OFFICER COLT POSEY, CORRECTIONAL | ) | |
| OFFICER TREVOR HENSHAW, | ) | |
| CORRECTIONAL OFFICER TRACEY | ) | |
| MESSER, CORRECTIONAL OFFICER | ) | |
| TYLER PAYNE, CORRECTIONAL | ) | |
| OFFICER JORDAN CLARK, | ) | |
| CORRECTIONAL OFFICER DILLON | | |
| GRAVES, ESTHER RAFFERTY, RN, and | | |
| MASON JONES, R.N. | | |
| | | |
| Defendants. | | |

NOW COMES Plaintiff Seth Fletcher, by and through counsel, and for his Third Amended

Complaint against Defendants, hereby states as follows:

## PRELIMINARY STATEMENT

1.      This action seeks relief for violations of Seth Fletcher's rights secured and guaranteed by Title 42 U.S.C. §1983, as well as 42 U.S.C. §1985, the, Eighth Amendment, applicable to the State through the 14th Amendment to the United States Constitution, the laws of the United States and the laws of the State of Ohio.

2.      Upon all information and belief, the claims asserted herein arise from an incident occurring on April 3, 2020 and continuing through April 4, 2020.

3.      At all times relevant, Seth Fletcher was incarcerated in the Chillicothe Correctional Institution, and under the custody and control of the Defendants, Correctional Officer Dustin Knox (hereinafter referred to as "Knox"), Correctional Officer Christopher Coy (hereinafter referred to as "Coy"), Capt. Ta-Rance White (hereinafter referred to as "White"), Capt. C. Brown (hereinafter referred to as "Brown"), Lt. Randolph Hester (hereinafter referred to as "Hester"), Lt. Nathan Varner (hereinafter referred to as "Varner"), Lt. K. Lawhorn (hereinafter referred to as "Lawhorn"), Correctional Officer Chris McGuire (hereinafter referred to as "McGuire"), Correctional Officer D. Lambert (hereinafter referred to as "Lambert"), Correctional Officer J. Mullet (hereinafter referred to as "Mullet"), Correctional Officer D. Breyfogle (hereinafter referred to as "Breyfogle"), Correctional Officer Garrett Osbon (hereinafter referred to as "Osbon"), Correctional Officer Summer Alley (hereinafter referred to as "Alley"), Correctional Officer Colt Posey (hereinafter referred to as "Posey"), Correctional Officer Trevor Henshaw (hereinafter referred to as "Henshaw"), Correctional Officer Tracy Messer (hereinafter referred to as "Messer"), Correctional Officer Tyler Payne (hereinafter referred to as "Payne"), Correctional Officer Jordan Clark (hereinafter referred to as "Clark") and Correctional Officer Dillon Graves (hereinafter referred to as "Graves") when he was subjected to unreasonable force, assaulted,

beaten and rendered a quadriplegic as a direct result of the actions and inactions by Defendants. Above identified Defendants also intentionally knew Plaintiff was suffering from a serious medical condition, needed immediate medical attention and was ignored and denied treatment.

4.　Additionally, after subjecting Seth Fletcher to excessive force, instead of obtaining medical aid for Mr. Fletcher's readily apparent serious injuries, Defendants, Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert, Mullet, Breyfogle, Wooten, Anderson, Obson, Alley, Posey, Henshaw, Messer, Payne, Clark, Graves, Rafferty and Jones, ignored Seth Fletcher's pleas for help as he repeatedly stated he couldn't move or walk.

5.　Further, instead of obtaining medical aid for Mr. Fletcher's readily apparent serious injuries, Defendants Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert, Mullet, Breyfogle, Osbon, Alley, Posey, Henshaw, Messer, Payne, and Clark  placed and or caused Seth Fletcher to be placed into an isolation cell while he was suffering from a serious spinal cord injury.  Seth Fletcher was left in an isolation cell suffering serious readily observable injuries and in need of medical assistance.

6.　That all above captioned Defendants were all aware of Seth's inability and/or decreasing ability to move as a result of the spinal cord injury and ignored his serious medical condition.

7.　As a result of all named Defendants ignoring the emergent medical condition of Seth Fletcher, he has suffered serious and permanent injuries including but not limited quadriplegia.

8.　The claims asserted herein arise from acts, failures to act and omissions committed, and failure to adhere to policies, procedures and customs in place and/or implemented at the Chillicothe Correctional Institution by Defendants while Plaintiff Seth Fletcher was in the custody

of the Chillicothe Correctional Institution and during his detention at the Chillicothe Correctional Institution on or about April 3rd and continuing through April 4th of 2020.

9.  At this time, each of the above-named Defendants, all of whom were acting under the color of law, violated the known and clearly established constitutional rights of Plaintiff Seth Fletcher to be free from the sadistic and malicious use of excessive force, to due process of law and to necessary medical and mental health care and treatment.

10.  Defendants, while they were employed, did in fact, participate in, authorized, ratified and/or failed to intervene to prevent sadistic, malicious and excessive uses of force under the circumstances, and acted willfully, wantonly, maliciously and with deliberate indifference to and callous disregard for Seth Fletcher's constitutional rights, and in a manner that shocks the conscience and offends traditional notions of decency, all of which led to his injuries as alleged and described herein.

11.  Plaintiff seeks monetary damages (compensatory and punitive), as well as an award of costs and reasonable attorneys' fees, and all such other relief as the Court deems appropriate.

## **PRELIMINARY ALLEGATIONS**

12.  Plaintiff hereby restates and realleges each and every allegation as is set forth herein.

13.  This action is brought, in part, under Title 42 U.S.C. § 1983, 42 U.S.C. § 1985(3) and under the Eighth Amendment of the United States Constitution and pursuant to the general laws of the United States and the laws of the state of Ohio.

14.  Plaintiff alleges that the conduct of the above mentioned Defendants did deprive Seth Fletcher of his constitutional right to be free from sadistic and malicious use of excessive force, and to receive medical and mental health care for his serious medical and mental health

condition(s) and needs which went ignored causing Seth Fletcher to suffer grievous physical and mental pain, suffering, anxiety, harm and ultimately led to quadriplegia while in the care and custody of the Chillicothe Correctional Institution, under the direct and continuous custody, control, supervision and care of the Defendants.

15. Defendants Knox and Coy caused injury to Plaintiff Seth Fletcher by "bearing hugging" Seth Fletcher, slamming him to the ground and repeatedly striking him to gain control.

16. Defendants Knox, Coy, Posey, Alley, Clark, Henshaw, Messer, Varner and Graves caused additional injury to Plaintiff Seth Fletcher by carrying him from his arms and feet and repeatedly dropping Seth Fletcher on the concrete floor as they moved Seth Fletcher to medical and from medical to the segregation unit, causing his face to repetitively strike the floor.

17. Defendants Osbon and Lambert caused injury to Plaintiff Seth Fletcher by picking him up in his cell and purposely dropping Seth Fletcher on the floor, causing him to hit his face on the floor. Additionally, Defendants Osbon and Lambert by simulating the sensation of drowning by pouring water into the nose and mouth of Seth Fletcher and admitted to "waterboarding" Seth Fletcher.

18. Defendants White, Brown, Hester, Lawhorn, McGuire, Mullet, Payne, and Clark stood by and observed the unconstitutional use of excessive force upon Plaintiff, Seth Fletcher and unlawfully failed to intervene to protect Plaintiff.

19. Defendants Wooten, Anderson, Rafferty and Jones, all at one point or another, evaluated and/or observed Plaintiff Seth Fletcher and heard Plaintiff state he couldn't move.

20. Defendants Knox, Coy, Posey, Alley, Clark, Henshaw, Messer, Varner, Osbon and Lambert caused the injuries to Seth Fletcher and are responsible for the unlawful conduct and resulting harm by, *inter alia*, personally participating in the conduct.

21. Defendants Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert, Mullet, Breyfogle, Osbon, Alley, Posey, Henshaw, Messer, Payne, Clark, Wooten, Anderson, Rafferty and Jones are all responsible for the unlawful conduct and resulting harm by acting jointly and in concert with others who did so; by authorizing, acquiescing, or failing or refusing, stood by idly with deliberate indifference to and reckless disregard for Seth Fletcher's clearly established and known rights.

## JURISDICTION AND VENUE

22. Plaintiff hereby restates and realleges each and every allegation as if fully set forth herein.

23. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as certain claims asserted herein arise under the Constitution and laws of the United States, to wit, the Eighth Amendment to the United States Constitution and 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3). This Court also has pendant jurisdiction over state law claims asserted herein is invoked.

24. The matter in controversy exceeds $75,000.00, exclusive of interest and costs.

25. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b)(2), (e)(1) and (e)(2).

## PARTIES

26. Seth Fletcher is the plaintiff. He was admitted to The Ohio State University Medical Center where he received treatment from catastrophic injuries that rendered him a quadriplegic as a result of being beaten and dropped on his face multiple times by Defendants Knox, Coy, Posey, Alley, Clark, Henshaw, Varner, Lambert, Osbon and Graves.

27. At all times relevant Seth Fletcher is a citizen of the United States of America residing in the state of Ohio within the Northern District of Ohio and entitled to the protections of the Constitutions and laws of the United States of America and the state of Ohio.

28. At all times relevant, Defendant Correctional Officer Knox and Correctional Officer Coy, were under non-delegable duties to refrain from using excessive and/or sadistic and malicious force on those imprisoned at the Chillicothe Correctional Institution, and to ensure that prisoners at the Chillicothe Correctional Institution were not subjected to excessive and/or sadistic and malicious force in violation of their constitutional rights as well as receiving medical attention for an inmate such as Seth Fletcher's serious and obvious medical condition as he was at all times relevant in need of emergent medical care.

29. At all times relevant, Defendants, Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert, Mullet, Breyfogle, Wooten, Anderson, Osbon, Alley, Posey, Henshaw, Messer, Payne, Clark, Graves, Rafferty and Jones were Chillicothe Correctional Institution employees and/or employees working at the Chillicothe Correctional Institution and employed through the Ohio Department of Corrections acting within the course and scope of their employment with the Chillicothe Correctional Institution, and under the color of law, who were directly responsible for Seth Fletcher in his custody, supervision, control, at the Chillicothe Correctional Institution. Defendants, Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert, Mullet, Breyfogle, Wooten, Anderson, Osbon, Alley, Posey, Henshaw, Messer, Payne, Clark, Graves, Rafferty and Jones are "persons" as defined in 42 U.S.C. § 1983 and are hereby sued in their individual capacities.

30. At all times relevant, Defendants Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert, Mullet, Breyfogle, Wooten, Anderson, Osbon, Alley, Posey,

Henshaw, Messer, Payne, Clark, Graves, Rafferty and Jones were acting within the course and scope of their employment with the Chillicothe Correctional Institution, and under the color of law, and were directly responsible for Seth Fletcher's safety, custody, supervision, control, and care at the Chillicothe Correctional Institution. Defendants, Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert, Mullet, Breyfogle, Wooten, Anderson, Osbon, Alley, Posey, Henshaw, Messer, Payne, Clark, Graves, Rafferty and Jones are "persons" as defined by 42 U.S.C. § 1983 and are hereby sued in their individual capacities.

## **GENERAL FACTUAL ALLEGATIONS**

31.     Seth Fletcher, at approximately the age of 18 was arrested in Wauseon, OH, convicted and sentenced to approximately 2 years in prison. He was due to be released in June of 2020.

32.     Seth Fletcher was ultimately confined to Chillicothe Correctional Institution. During this period of detention, Seth Fletcher was within the continuous exclusive custody, supervision, care, of the correctional officers of this facility and ultimately Defendants Knox and Coy.

33.     During the period of detention leading up to the 3rd and 4th of April of 2020, incident, the Defendants Knox and Coy mocked and teased Seth Fletcher.

34.     On or about April 3, 2020 the teasing continued, and the verbal exchange was escalated by the Defendant officers Knox and Coy.

35.     At all times relevant, and upon all information and belief, on April 3, 2020, Seth Fletcher was addressed by Defendants Knox and Coy.

36.     At all times relevant, and upon all information and belief, Defendants Knox and Coy found Plaintiff, Seth Fletcher with a cigarette. They intended to take him to a segregation in TPU, however, first they had to escort him to medical.

37.     At all times relevant, and upon all information and belief, after Plaintiff, Seth Fletcher was cleared from medical, Defendants Knox and Coy, proceeded to escort Plaintiff out of medical.

38.     At all times relevant, and upon all information and belief, as Defendants Knox and Coy was escorting Seth Fletcher, a verbal argument ensued to which Defendant Coy "bear-hugged" Seth Fletcher and slammed him to the ground with the assistance of Defendant Knox. As well as the failure to intervene by Defendant Knox, at all times relevant, Plaintiff was handcuffed.

39.     As a result of being slammed to the ground, serious and permanent spinal cord damage was done to Plaintiff.

40.     After Seth Fletcher was restrained by Defendants Knox and Coy, responding Defendant Officers Posey, Alley, Clark, Henshaw, Messer and Varner began maliciously and sadistically addressing and handling Seth Fletcher as they restrained him to take him up to medical.

41.     Seth Fletcher was carried face down with his arms behind his back in an excessive, malicious, sadistic and severe manner. The method in which he was being taken back to medical was not done in a way not necessary for any penal purposes and resulted in serious and permanent injuries including but not limited to quadriplegia to Seth Fletcher.

42.     While Seth Fletcher was being beaten from the sadistic and malicious force applied by Defendants Knox, Coy, Posey, Alley, Clark, Henshaw, Messer and Varner he was on the ground and completely defenseless suffering from a serious medical condition in need of emergent medical treatment.

43.     Upon information and belief, Defendant Posey grabbed Seth Fletcher's shirt and began to choke him as he was restraining him.

44.     Defendants Knox, Coy, Posey, Alley, Clark, Henshaw, Messer and Varner did in fact punch and kick Seth Fletcher numerous times, all being done in an unreasonable, unjustified, and unlawful manner.

45.     After beating him bloody and almost unconscious, the Defendants Posey, Alley, Clark, Henshaw, Messer and Varner eventually carried Seth Fletcher back to medical to be evaluated.

46.     Upon information and belief, Defendant Graves lifted Seth Fletcher off the ground in the yard while the excessively forceful actions were being taken upon Seth Fletcher.

47.     At all times relevant, and upon all information and belief, Defendant Wooten and Jones evaluated Seth Fletcher and cleared him to be sent to segregation, despite Seth stating he couldn't move and didn't know where he was at.

48.     While Defendants Wooten and Jones evaluated Seth Fletcher, Defendants White, Varner, Posey, Messer, Henshaw and Rafferty stood by as Seth repeatedly complained of not knowing where he was at and stating he was unable to move.

49.     As part of Seth's admission into restrictive housing, he was evaluated by Defendant Wooten at approximately 6:07 p.m. where she stated there was no evidence of abuse and/or trauma and placed a routine mental health referral for Seth to be seen in fourteen (14) days.

50.     Defendants Posey, Alley, Clark, Henshaw, Messer and Varner then carried Plaintiff, Seth Fletcher, out of medical to transport him to the segregation unit.

51.     At all times relevant, and upon all information and belief, Defendants Knox, Coy, Posey, Alley, Clark, Henshaw, Messer, Varner, Lambert and Osbon purposely dropped Seth

Fletcher three times on his face causing him to fall face first into the concrete as they escorted him back into the segregation unit.

52.     At all times relevant, and upon all information and belief, Defendant Alley threw Seth Fletcher into the cell while he was still handcuffed and unable to hold himself up.

53.     At all times relevant, and upon all information and belief, Defendants Osbon and Lambert attempted to move him from within his holding cell and purposely dropped Seth Fletcher causing his face to land face first into the ground thereby breaking Seth's nose and leaving behind a pool of blood, to which Defendants Osbon and Lambert did not report.

54.     At all times relevant, and upon all information and belief, Seth Fletcher informed Defendants Osbon and Lambert that he could not move and requested medical attention to which Defendants berated him before calling for Defendant Lt. Hester to come to the unit.

55.     At all times relevant, and upon all information and belief, Defendant Lt. Hester came to the holding cell where Seth Fletcher was at and lambasted Seth stating, "I bet if I kick you in the balls hard enough you would move."

56.     At all times relevant, Defendant Hester tried to cover up the incident by suggesting the officers lie to cover up the incident.

57.     At approximately 6:28 p.m. Defendant Wooten evaluated Seth again and noted that he was disheveled, no evidence of trauma was noted, and no medical treatment was required despite the fact that Seth was just recently beaten by several Defendants and was repeatedly dropped on his face.

58.     Seth placed a second request for medical at approximately 6:37 p.m. stating "I don't know where I'm at." This time, Defendant Wooten noted that Seth was "bleeding from the nose…no step offs or crepitation noted at cervical spine, thoracic spine or lumbar spine," and that

Seth was refusing to sit up or hold his head up despite the fact that Seth repeatedly stated he could not move.

59.     At all times relevant hereto, Defendant Wooten knew that Seth was stating he was unable to walk and yet she released him back to restrictive housing without following up on his serious medical needs.

60.     At approximately 6:43 p.m. Defendant Wooten evaluated Seth for a fourth time and did an Emergency Assessment due to Seth complaining that he could not walk and still claiming he did not know where he was at.

61.     Once more, Defendant Wooten did not show concern for Seth's apparent medical emergency and refused to notify a physician despite Seth's claims that he could not walk and showed complete indifference to the obvious medical need of Seth Fletcher.

62.     In fact, at all times relevant, Defendant Wooten knew Seth Fletcher was suffering from a serious medical condition and was deliberately indifferent to Seth Fletcher's needs.

63.     At approximately 7:10 p.m., Defendant Lambert checked Seth's cell and observed Seth crying in his cell as he was suffering from a serious medical condition requiring immediate emergent medical treatment.

64.     Despite observing Seth suffering from a serious medical condition, Defendant Lambert was deliberately indifferent to Plaintiff Seth Fletcher's needs.

65.     Seth Fletcher also asked for water, to which Defendant Lambert and Osbon poured water over Seth Fletcher's face in a "water board" like manner to which Defendant Osbon admitted in a Facebook post by claiming "we also water boarder him LMAO."

66.     At all times relevant, it was clear to an average observer that Seth Fletcher was suffering from a serious medical condition requiring immediate emergent medical treatment, yet Defendant Lambert refused to call for medical assistance.

67.     At approximately 7:32 p.m., another sick call was placed to Defendant Wooten. Again, Seth continued to state that he could not move and required immediate medical attention.

68.     Defendant Wooten again evaluated Seth and noted that he was not responding to painful stimuli and that his body remained limp however, he was released back to restrictive housing.

69.     At all times relevant hereto, Seth was experiencing a medical emergency, to which Defendant Wooten was aware and was unsympathetic toward Seth's medical emergency by refusing to transport him to a hospital and/or call a physician for an assessment.

70.     At all times relevant hereto, at approximately 7:38 p.m., Defendant Wooten evaluated Seth for a mental health screening due to Seth making a comment of "just let me die" after complaining repeatedly that he could not move and needed medical attention.

71.     Again, Defendant Wooten knew that Seth was unable to move but attributed his serious medical ailment as Seth refusing to comply with instructions.

72.     Defendant Wooten knew that Seth was unable to move yet refused to seek emergency treatment or notify a physician.

73.     At all times relevant hereto, at approximately 11:38 p.m., while conducting a bed check of Seth Fletcher, Defendant Breyfogle observed and heard Seth Fletcher yelling in pain.

74.     Despite observing Seth suffering from a serious medical condition, Defendant Breyfogle was deliberately indifferent to Seth's needs.

75. On April 4, 2020, at approximately 9:49 a.m., Defendant Anderson evaluated Seth's mental health.

76. At all times relevant hereto, Seth informed Defendant Anderson that he could not move and was in a lot of pain.

77. At all times relevant hereto, Defendant Anderson observed Seth lying on his bed with his head partially hanging off and observed that Seth could only move his head slight.

78. Despite Seth's obvious serious medical needs, Defendant Anderson was aware and deliberately indifferent toward Seth's medical emergency.

79. At all times relevant, from 7:10 p.m. on April 3, 2020 through 10:40 a.m. on April 4, 2020, a cell check of Seth Fletcher's cell was conducted every 10 to 15 minutes by Defendants, Capt. White, McGuire, Lambert, Mullet, and Breyfogle.

80. At all times relevant, from 7:10 p.m. on April 3, 2020 through 10:40 a.m. on April 4, 2020, Defendants, Capt. White, McGuire, Lambert, Mullet, and Breyfogle were aware of Seth's serious medical condition and chose to ignore the condition. The serious medical condition was that of both orthopedic and neurological because the force applied by Defendant correctional officers caused a fracture to Seth Fletcher's neck in multiple locations, thereby damaging his spinal cord.

81. Defendants, Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert, Mullet, Breyfogle, Wooten, Anderson, Osbon, Alley, Posey, Henshaw, Messer, Payne, Clark, Rafferty and Jones intentionally deprived Seth Fletcher of medical treatment they knew he needed. Rather than having Seth Fletcher seen by medical, they placed him into a cell by himself until April 4, 2020.

82.     On April 4, 2020, at approximately 10:40 a.m., Seth Fletcher was discovered to be motionless by Denise Dunn, RN, who immediately called for an emergency transport to the hospital in Chillicothe, OH.

83.     Upon all information and belief, Defendant Hester conspired with Defendants by suggesting to the officers that they "lie" during in the official investigation conducted by the Ohio State Highway Patrol.

### FIRST CLAIM FOR RELIEF

**Violation of 42 U.S.C. § 1983 Against Defendants**
**Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert,**
**Mullet, Breyfogle,  Obson, Alley, Posey, Henshaw, Messer, Payne,**
**Clark and Graves in Their Individual Capacities for Excessive Force in**
**Violation of the Eighth Amendment**

84.     Plaintiff restates the above paragraphs by reference as if fully rewritten herein.

85.     At the time and place referenced above herein, the Correctional Officers Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert, Mullet, Breyfogle, Obson, Alley, Posey, Henshaw, Messer, Payne, Clark and Graves named in this Claim for Relief in turn or together beat, applied excessive force, applied multiple sadistic and malicious strikes, punches and kicks to Seth Fletcher's body, picking him up and purposely dropping him on his face multiple times, ultimately breaking his neck which led to quadriplegia.  Additionally, Knox, Coy, Posey, Alley, Clark, Henshaw, Messer and Varner named in this Claim for Relief assaulted and battered or supervised or failed to intervene when fellow officers assaulted and battered Seth Fletcher with their hands and feet, before and while Seth Fletcher was not a threat to anyone, and for no legitimate penal purpose.

86.     The force employed by Defendants Correctional Officers Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert, Mullet, Breyfogle, Obson, Alley, Posey,

Henshaw, Messer, Payne, Clark and Graves named in this Claim for Relief in securing Seth Fletcher, striking him multiple times to the head and face, kicking him, picking him up and purposely dropping him on his face multiple times, participating in the foregoing acts and omissions, ordering, authorizing, directing, supervising, approving and/or ratifying the foregoing acts and omissions and acquiescing, failing and/or refusing to prevent and intervene in the foregoing acts and omissions, constitute conduct under the color of state law which deprived Seth Fletcher, of his clearly established and known rights to be free from cruel and unusual punishment proscribed by the Eighth Amendment.

87.     As a direct and proximate result of these Defendants' violations of Seth Fletcher's constitutional rights, which resulted in multiple injuries, including spinal cord injury, fractured neck, quadriplegia, physical pain and suffering, punitive damages extreme physical, mental and emotional pain and suffering, pecuniary loss, including medical expenses past and future, future wage loss and/ or future loss of earning capacity, as well as all damages allowable under 42 U.S.C. 1988 for attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment against the Defendants named in this Claim for Relief, jointly and severally, for:

a)     Compensatory damages in an amount that will fully and fairly compensate Plaintiff, Seth Fletcher for his above described, damages and loss;

b)     Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c)     Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d)     All such other relief which the Court deems appropriate.

## SECOND CLAIM FOR RELIEF

**Violation of 42 U.S.C. § 1983 Against Defendants, Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert, Mullet, Breyfogle, Wooten, Anderson, Osbon, Alley, Posey, Henshaw, Messer, Payne, Clark, Rafferty and Jones in Their Individual Capacities for Deliberate Indifference to Serious Medical Needs in Violation of The Eighth Amendment**

88.     Plaintiff restates the above paragraphs by reference as if fully rewritten herein.

89.     This Second Claim for Relief is brought against Defendants Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert, Mullet, Breyfogle, Wooten, Anderson, Osbon, Alley, Posey, Henshaw, Messer, Payne, Clark, Rafferty and Jones pursuant to 42 U.S.C. § 1983 for deliberate indifference to and callous and/or reckless disregard for the rights and critical medical and mental health needs of Plaintiff Seth Fletcher, an individual suffering from an obvious and known acute medical health condition that required appropriate care, treatment, assessment, intervention, referral, medication and attention to prevent substantial physical and mental health deterioration..

90.     At all times relevant, to wit: after Defendants Knox, Coy, Posey, Alley, Clark, Henshaw and Varner beat, struck, kicked and applied force, which was excessive, and purposely dropping Seth on his face multiple times, Defendants ignored the medical condition of Seth Fletcher who was beaten so badly he was in obvious need of medical treatment and care. His medical condition was worsening. Defendants Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert, Mullet, Breyfogle, Wooten, Anderson, Osbon, Alley, Posey, Henshaw, Messer, Payne, Clark, Rafferty and Jones ignored his condition which was observable to them, which they knew he was suffering from and instead of getting medical treatment they allowed Seth Fletcher to lay motionless on his bed.

91.     At all times relevant, to wit, after Defendants Knox, Coy, Posey, Alley, Clark, Henshaw and Varner beat, struck, kicked and applied force, which was excessive, to Seth Fletcher, and purposely dropping Seth on his face multiple times, immediate medical attention should have been provided even if Defendants believed Seth Fletcher did not appear injured, pursuant to Ohio Department of Rehabilitation & Correction Use of Force Policy.

92.     Furthermore, after Seth Fletcher was beaten by Defendants Knox, Coy, Posey, Alley, Clark, Henshaw and Varner, Seth Fletcher was rendered immobile and didn't move.  It was clear to Defendants that the encounter rendered Seth Fletcher into a position of helplessness needing emergent medical treatment.

93.     At all times relevant, Defendants Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert, Mullet, Breyfogle, Wooten, Anderson, Osbon, Alley, Posey, Henshaw, Messer, Payne, Clark, Rafferty and Jones observed Seth Fletcher in his isolation cell crying, complaining of not being able to move, and appearing motionless on his bed.

94.     At all times relevant, Seth Fletcher was suffering from an objectively obvious serious medical condition for which he required immediate care, treatment, medication(s), and referral, the refusal of which posed a high risk of and did cause serious injury and potentially death.

95.     At all times relevant the Defendants Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert, Mullet, Breyfogle, Wooten, Anderson, Osbon, Alley, Posey, Henshaw, Messer, Payne, Clark, Rafferty and Jones named in this Claim for Relief were subjectively aware of the seriousness of Seth Fletcher's medical and conditions and the risk of death or serious injury if said conditions were not immediately addressed with appropriate medical care.

96.     Despite the obviousness of Seth Fletcher's condition and the known risk of serious injury and potentially death absent immediate appropriate medical care, the Defendants named in this Claim for Relief failed and refused to secure the medical care necessary and were deliberately indifferent to Seth Fletcher's condition and the risks posed thereby absent appropriate care.

97.     As a direct and proximate result of the conduct of the Defendants Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert, Mullet, Breyfogle, Wooten, Anderson, Osbon, Alley, Posey, Henshaw, Messer, Payne, Clark, Rafferty and Jones in denying Seth Fletcher necessary medical assessment, evaluation, care, intervention, referral and treatment, he suffered constitutional rights violations, which resulted in multiple injuries, including spinal cord injury, fractured neck, physical pain and suffering, punitive damages, extreme physical, mental and emotional pain and suffering, pecuniary loss, including medical expenses past and future, future wage loss and/ or future loss of earning capacity, as well as all damages allowable under 42 U.S.C. 1988 for attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendants named in this Claim for Relief, jointly and severally, for:

a)      Compensatory damages in an amount that will fully and fairly compensate the Plaintiff Seth Fletcher, for his injuries, damage and loss;

b)      Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c)      Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d)      All such other relief which the Court deems appropriate.

# THIRD CLAIM FOR RELIEF

## Ohio State Law Claims
## Assault and Battery Against Defendants Knox and Coy

98. Plaintiff restates and incorporates the above paragraphs as if fully stated herein.

99. Defendants, Knox and Coy intentionally and unlawfully threatened Plaintiff Seth Fletcher with physical harm and violence against his person. It appeared, and ultimately proved to be true, that these Defendants had the ability to carry out the threats of physical harm and violence against him. As a direct and proximate result, Seth Fletcher was placed in imminent fear of harm by these Defendants.

100. The Defendants Knox and Coy named in this Claim for Relief committed, participated in committing, authorized and/or acquiesced and/or failed to intervene in the commission of unlawful acts of physical harm and violence against Plaintiff Seth Fletcher including, but not limited to:

    a) Multiple punches and kicks to the body of Seth Fletcher numerous times for an excessive period of time;

    b) Using excessive, malicious and sadistic force to control Seth Fletcher; and

    c) Using excessive and malicious force, including physically assaulting Seth Fletcher in the head and ultimately breaking his neck.

101. The Defendants Knox and Coy named in this Claim for Relief acted maliciously, intentionally, and with a conscious, reckless and/or callous disregard for the safety of Seth Fletcher and in a manner that was likely and substantially certain to, and did, cause grievous injury to Seth Fletcher.

102.    These acts committed against Plaintiff Seth Fletcher directly and proximately caused him to sustain serious physical injury, mental pain and suffering. Said acts constitute unlawful and unprivileged assault and battery.

103.    As a direct and proximate result of these Defendants' Knox and Coy unlawful acts of assault and battery committed against Plaintiff Seth Fletcher he was forced to and did endure and suffer extreme physical, mental, and emotional pain and suffering, and pecuniary loss, including medical expenses, loss of income and/ or earning capacity as well as future employment benefits.

104.    As a direct and proximate result of these Defendants' unlawful acts of assault and battery committed by the Defendants Knox and Coy Plaintiff Seth Fletcher suffered mental anguish, emotional pain and suffering, and lost earnings/income and/or benefits.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants named in this Claim for Relief, jointly and severally, for:

a)    Compensatory damages in an amount that will fully and fairly compensate Plaintiff Seth Fletcher;

b)    Punitive damages against Defendants, Knox and Coy in an amount that will serve to adequately punish and deter the conduct alleged herein;

c)    Costs of suit; and

d)    All such other relief which the Court deems appropriate.

## FOURTH CLAIM FOR RELIEF

### Ohio State Law Claims
### Assault and Battery Against Defendants Posey, Alley, Clark,
### Henshaw, Messer and Varner

105.    Plaintiff restates and incorporates the above paragraphs as if fully stated herein.

106.    Defendants Posey, Alley, Clark, Henshaw, Messer and Varner intentionally and unlawfully threatened Plaintiff Seth Fletcher with physical harm and violence against his person. It appeared, and ultimately proved to be true, that these Defendants had the ability to carry out the threats of physical harm and violence against him.  As a direct and proximate result, Seth Fletcher was placed in imminent fear of harm by these Defendants.

107.    The Defendants Posey, Alley, Clark, Henshaw, Messer and Varner named in this Claim for Relief committed, participated in committing, authorized and/or acquiesced and/or failed to intervene in the commission of unlawful acts of physical harm and violence against Plaintiff Seth Fletcher including, but not limited to:

a)    Multiple punches and kicks to the body of Seth Fletcher numerous times for an excessive period of time;

b)    Picking up Seth Fletcher by the arms and legs and purposely dropping him onto the concrete floors multiples times on his face;

c)    Using excessive, malicious and sadistic force to control Seth Fletcher; and

d)    Using excessive and malicious force, including physically assaulting Seth Fletcher in the head and ultimately breaking his neck.

108.    The Defendants Posey, Alley, Clark, Henshaw, Messer and Varner named in this Claim for Relief acted maliciously, intentionally, and with a conscious, reckless and/or callous disregard for the safety of Seth Fletcher and in a manner that was likely and substantially certain to, and did, cause grievous injury to Seth Fletcher.

109.     These acts committed against Plaintiff Seth Fletcher directly and proximately caused him to sustain serious physical injury, mental pain and suffering. Said acts constitute unlawful and unprivileged assault and battery.

110.     As a direct and proximate result of these Defendants Posey, Alley, Clark, Henshaw, Messer and Varner unlawful acts of assault and battery committed against Plaintiff Seth Fletcher he was forced to and did endure and suffer extreme physical, mental, and emotional pain and suffering, and pecuniary loss, including medical expenses, loss of income and/ or earning capacity as well as future employment benefits.

111.     As a direct and proximate result of these Defendants' unlawful acts of assault and battery committed by the Defendants Posey, Alley, Clark, Henshaw, Messer and Varner Plaintiff Seth Fletcher suffered mental anguish, emotional pain and suffering, and lost earnings/income and/or benefits.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants named in this Claim for Relief, jointly and severally, for:

a)     Compensatory damages in an amount that will fully and fairly compensate Plaintiff Seth Fletcher;

b)     Punitive damages against Defendants Posey, Alley, Clark, Henshaw and Varner in an amount that will serve to adequately punish and deter the conduct alleged herein;

c)     Costs of suit; and

d)     All such other relief which the Court deems appropriate.

## FIFTH CLAIM FOR RELIEF

### Ohio State Law Claims
### Assault and Battery Against Defendants Lambert and Osbon

112. Plaintiff restates and incorporates the above paragraphs as if fully stated herein.

113. Defendants Lambert and Osbon intentionally and unlawfully threatened Plaintiff Seth Fletcher with physical harm and violence against his person. It appeared, and ultimately proved to be true, that these Defendants had the ability to carry out the threats of physical harm and violence against him. As a direct and proximate result, Seth Fletcher was placed in imminent fear of harm by these Defendants.

114. The Defendants Lambert and Osbon named in this Claim for Relief committed, participated in committing, authorized and/or acquiesced and/or failed to intervene in the commission of unlawful acts of physical harm and violence against Plaintiff Seth Fletcher including, but not limited to:

    a) Picking up Seth Fletcher by the arms and legs and purposely dropping him onto the concrete floors and breaking Seth Fletcher's nose;

    b) Torturing Seth Fletcher through waterboarding, which simulates the sensation of drowning by pouring water into the nose and mouth of Seth Fletcher, knowing that he was unable to move to defend himself from such actions was sick, malicious and sadistic;

    c) Using excessive, malicious and sadistic force to control Seth Fletcher; and

    d) Using excessive and malicious force, including physically assaulting Seth Fletcher in the head and ultimately breaking his neck.

115. The Defendants Lambert and Osbon named in this Claim for Relief acted maliciously, intentionally, and with a conscious, reckless and/or callous disregard for the safety of

Seth Fletcher and in a manner that was likely and substantially certain to, and did, cause grievous injury to Seth Fletcher.

116. These acts committed against Plaintiff Seth Fletcher directly and proximately caused him to sustain serious physical injury, mental pain and suffering. Said acts constitute unlawful and unprivileged assault and battery.

117. As a direct and proximate result of Defendants Lambert and Osbon unlawful acts of assault and battery committed against Plaintiff Seth Fletcher he was forced to and did endure and suffer extreme physical, mental, and emotional pain and suffering, and pecuniary loss, including medical expenses, loss of income and/ or earning capacity as well as future employment benefits.

118. As a direct and proximate result of Defendants' unlawful acts of assault and battery committed by the Defendants Lambert and Osbon Plaintiff Seth Fletcher suffered mental anguish, emotional pain and suffering, and lost earnings/income and/or benefits.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants named in this Claim for Relief, jointly and severally, for:

a) Compensatory damages in an amount that will fully and fairly compensate Plaintiff Seth Fletcher;

b) Punitive damages against Defendants Lambert and Osbon in an amount that will serve to adequately punish and deter the conduct alleged herein;

c) Costs of suit; and

d) All such other relief which the Court deems appropriate.

## SIXTH CLAIM FOR RELIEF

### Ohio State Law Claims
### Assault and Battery Against Defendant Dillon Graves

119.     Plaintiff restates and incorporates the above paragraphs as if fully stated herein.

120.     Defendant Dillon Graves intentionally and unlawfully threatened Plaintiff Seth Fletcher with physical harm and violence against his person.  It appeared, and ultimately proved to be true, that this Defendant had the ability to carry out the threats of physical harm and violence against him.  As a direct and proximate result, Seth Fletcher was placed in imminent fear of harm by this Defendant.

121.     The Defendant Dillon Graves named in this Claim for Relief committed, participated in committing, authorized and/or acquiesced and/or failed to intervene in the commission of unlawful acts of physical harm and violence against Plaintiff Seth Fletcher including, but not limited to:

        a)      Forcefully lifting Seth Fletcher off the ground in the Yard in the continuance of the assault, battery and excessive force against Seth Fletcher;

        b)      Participating in and/or standing by while witnessing excessive, malicious and sadistic force was used to control Seth Fletcher; and

        c)      Participating in and/or standing by while witnessing excessive and malicious force on Seth Fletcher, including assault and battery, which ultimately broke Seth Fletcher's neck.

122.     The Defendants Lambert and Osbon named in this Claim for Relief acted maliciously, intentionally, and with a conscious, reckless and/or callous disregard for the safety of Seth Fletcher and in a manner that was likely and substantially certain to, and did, cause grievous injury to Seth Fletcher.

123. These acts committed against Plaintiff Seth Fletcher directly and proximately caused him to sustain serious physical injury, mental pain and suffering. Said acts constitute unlawful and unprivileged assault and battery.

124. As a direct and proximate result of Defendants Lambert and Osbon unlawful acts of assault and battery committed against Plaintiff Seth Fletcher he was forced to and did endure and suffer extreme physical, mental, and emotional pain and suffering, and pecuniary loss, including medical expenses, loss of income and/ or earning capacity as well as future employment benefits.

125. As a direct and proximate result of Defendants' unlawful acts of assault and battery committed by the Defendants Lambert and Osbon Plaintiff Seth Fletcher suffered mental anguish, emotional pain and suffering, and lost earnings/income and/or benefits.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants named in this Claim for Relief, jointly and severally, for:

> e) Compensatory damages in an amount that will fully and fairly compensate Plaintiff Seth Fletcher;
>
> f) Punitive damages against Defendant Dillon Graves in an amount that will serve to adequately punish and deter the conduct alleged herein;
>
> g) Costs of suit; and
>
> h) All such other relief which the Court deems appropriate.

## SEVENTH CLAIM FOR RELIEF

### Failure to Intervene to Prevent Violation of Plaintiff's
### Eighth Amendment Rights as to All Defendants

126.     Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

127.     Defendants, Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert, Mullet, Breyfogle, Wooten, Anderson, Obson, Alley, Posey, Henshaw, Messer, Payne, Clark, Graves, Rafferty, Jones and/or others had a duty to intervene when Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

128.     Defendants, Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert, Mullet, Breyfogle, Wooten, Anderson, Obson, Alley, Posey, Henshaw, Messer, Payne, Clark, Graves, Rafferty, Jones and/or others observed and/or had reason to know that excessive force was being inflicted upon Plaintiff.

129.     Defendants, Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert, Mullet, Breyfogle, Wooten, Anderson, Obson, Alley, Posey, Henshaw, Messer, Payne, Clark, Graves, Rafferty and Jones had the opportunity and means to intervene and prevent the violation of Plaintiff's constitutional rights.

130.     Defendants, Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert, Mullet, Breyfogle, Wooten, Anderson, Obson, Alley, Posey, Henshaw, Messer, Payne, Clark, Graves, Rafferty and Jones failed to intervene which resulted in the infliction of excessive force and punishment upon Plaintiff, Seth Fletcher, in violation of Plaintiff's constitutionally protected rights.

131. The acts and/or omissions of Defendants, Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert, Mullet, Breyfogle, Wooten, Anderson, Obson, Alley, Posey, Henshaw, Messer, Payne, Clark, Graves, Rafferty and Jones, were willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights of Plaintiff, Seth Fletcher.

132. As a direct and proximate result of Defendants, Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert, Mullet, Breyfogle, Wooten, Anderson, Obson, Alley, Posey, Henshaw, Messer, Payne, Clark, Graves, Rafferty and Jones denying Seth Fletcher of necessary medical assessment, evaluation, care, intervention, referral and treatment, he suffered constitutional rights violations, which resulted in multiple injuries, including spinal cord injury, fractured neck, physical pain and suffering, punitive damages, extreme physical, mental and emotional pain and suffering, pecuniary loss, including medical expenses past and future, future wage loss and/or future loss of earning capacity, as well as all damages allowable under 42 U.S.C. §1988 for attorney fees and costs.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants named in this Claim for Relief, jointly and severally, for:

a) Compensatory damages in an amount that will fully and fairly compensate the Plaintiff Seth Fletcher, for his injuries, damage and loss;

b) Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c) Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d) All such other relief which the Court deems appropriate.

## EIGHTH CLAIM FOR RELIEF

### Violation 42 U.S.C. § 1985(3) Conspiracy to Deprive and Interfere With
### Plaintiff's Civil Rights Against All Defendants

133.     Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

134.     All Defendants by their concerted actions of falsifying, destroying, spoiling and concealing evidence of the use of excessive force against Seth Fletcher and denying him medical treatment acted in concert to commit and accomplish unlawful acts resulting in the deprivation of rights, including a deprivation of Due Process, to Seth Fletcher.

135.     In addition, the actions of Defendants, Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert, Mullet, Breyfogle, Wooten, Anderson, Obson, Alley, Posey, Henshaw, Messer, Payne, Clark, Graves, Rafferty and Jones, were motivated and intended to deprive Seth Fletcher of the equal protection of the laws.

136.     Defendants' actions  included, but were not limited to:

   a.  Conspire to deprive Seth Fletcher of his Civil Rights to be free from excessive force;

   b.   Conspire to deprive Seth Fletcher of his Civil Rights to be free from the deliberate indifference of medical treatment;

   c.  Conspiring to verbally harass, mock and tease Seth Fletcher to the point of escalation with the intent to assault, batter and utilize excessive force on Seth Fletcher with the intent to cause him great harm;

   d.  Conspiring to allow the continued verbal harassment, mocking and teasing to the point of a verbal argument with the intent to assault, batter and utilize excessive force on Seth Fletcher with the intent to cause him great harm;

   e.  Conspiring to forcefully restrain Seth Fletcher to allow for the intended and planned assault, battery and excessive force upon Seth Fletcher with the intent to cause him great bodily harm and not reporting the incident;

f.  Conspiring to assault, batter and utilize excessive force upon Seth Fletcher, by way of slamming him to the ground and utilizing malicious and sadistic punching, strikes, kicks and choking upon Seth Fletcher with the intent to cause him great bodily harm and not reporting the incident;

g.  Conspiring to allow the continue and intended assault, battery and excessive force by continuing the assault, battery and excessive force causing Seth Fletcher to sustain a fractured cervical spine resulting in severe and/or permanent nerve injuries and quadriplegia;

h.  Conspiring to cause Seth Fletcher further intended injury by continuing the assault, battery and excessive force knowing that Seth Fletcher was unable to move and/or defend himself;

i.  Conspiring to continue Seth Fletcher's suffering from the assault, battery and excessive force by intentionally ignoring his physical and mental condition, ignoring the statements made by Seth Fletcher that he was unable to move and placing him in segregation and not reporting the incident;

j.  Conspiring to allow the continue and intended assault, battery and excessive force by continuing the assault, battery and excessive force while dropping him on his face while transporting him from medical to the segregation unit and not reporting the incident;

k.  Conspiring to allow the continued and intended assault, battery and excessive force by continuing the assault, battery and excessive force with intentionally dropping Seth Fletcher on his face, breaking his nose and not reporting the incident;

l.  Conspiring to allow the continued and intended assault, battery and excessive force against Seth Fletcher by maliciously torture and waterboarding while he laid helpless and unable to move;

m.  Conspiring to cover up the intended assault, battery and excessive force by failing to report and/or document the continued assault, battery and excessive force utilized on Seth Fletcher;

n.  Conspiring to cover up the intended and planned assault, battery and excessive force utilized on Seth Fletcher by standing by, watching, participating and/or failing to intervene in said actions;

o.  Conspiring to cover up the intended and planned assault, battery and excessive force utilized on Seth Fletcher by failing to act, such as reporting to supervisors and/or investigators;

p.  Conspiring to cover up the intended and planned assault, battery and excessive force utilized on Seth Fletcher by concealing incident by way of not reporting to supervisors and/or investigators;

q.  Conspiring to falsify reports and failing to truthfully answer questions by superiors and/or investigators; and

r.  All other illegal acts to conspire to deprive Seth Fletcher of his Civil Rights.

137.    Defendants, Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert, Mullet, Breyfogle, Wooten, Anderson, Obson, Alley, Posey, Henshaw, Messer, Payne, Clark, Graves, Rafferty, Jones and/or others by and through their actions thereby had a single plan when they conspired and explicitly agreed to inflict wrongs against Seth Fletcher and life threatening injuries upon Seth Fletcher for their personal amusement and/or sick, twisted, sadistic and malicious propensities against Seth Fletcher and other inmates as demonstrated in the records as the behavior was regular and routine in this prison.

138.    Defendants, Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert, Mullet, Breyfogle, Wooten, Anderson, Obson, Alley, Posey, Henshaw, Messer, Payne, Clark, Graves, Rafferty, Jones and/or others possessed the same motives and same objective to violate such rights when they knew about and/or participated in: intentionally performing malicious acts of verbal harassment, mocking, assault, battery and excessive force against Seth Fletcher;  failing to report and concealing the excessive force upon Seth Fletcher;  by providing false reports regarding the incident; and/or by failing to truthfully answer questions by supervisors and/or investigators.

139.    Defendants, Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert, Mullet, Breyfogle, Wooten, Anderson, Obson, Alley, Posey, Henshaw, Messer, Payne, Clark, Graves, Rafferty, Jones and/or others' overt actions deprived and interfered, directly with

the Civil Rights of Seth Fletcher and all Defendants conspired to deprive Seth Fletcher of his Civil Rights.

140.    As a direct and proximate result of the civil conspiracy among all Defendants, damages sustained for the underlying wrongs and acts by each and every Defendant individually is attributable to all as a whole.

141.    As a direct and proximate result of Defendants' unlawful acts of assault and battery committed by all Defendants, Plaintiff Seth Fletcher suffered mental anguish, emotional pain and suffering, and lost earnings/income and/or benefits.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants named in this Claim for Relief, jointly and severally, for:

a)    Compensatory damages in an amount that will fully and fairly compensate the Plaintiff Seth Fletcher, for his injuries, damage and loss;

b)    Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c)    Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d)    All such other relief which the Court deems appropriate.

### NINETH CLAIM FOR RELIEF

### Civil Conspiracy to Violate the Civil Rights
### of Seth Fletcher as to All Defendants

142.    Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

143.    Count Nine is applicable to all named Defendants.

144.    Defendants, Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert, Mullet, Breyfogle, Wooten, Anderson, Obson, Alley, Posey, Henshaw, Messer, Payne, Clark, Graves, Rafferty and Jones utilized a malicious combination of two or more persons to injure Seth Fletcher, in a way not competent for one alone, resulting in damages to Seth Fletcher.

145.    Defendants, Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert, Mullet, Breyfogle, Wooten, Anderson, Obson, Alley, Posey, Henshaw, Messer, Payne, Clark, Graves, Rafferty and Jones' state of mind under which they performed the wrongful acts upon Seth Fletcher, purposefully and without a reasonable or lawful excuse.

146.    Defendants, Knox, Coy, White, Brown, Hester, Varner, Lawhorn, McGuire, Lambert, Mullet, Breyfogle, Wooten, Anderson, Obson, Alley, Posey, Henshaw, Messer, Payne, Clark, Graves, Rafferty and Jones' actions showed an express and/or implied agreement between each other, or otherwise acted in concert, or with a common understanding, while participating in the assault, battery and excessive force used on Seth Fletcher, with a common understanding or design to commit an unlawful act.

147.    The alleged damages are above and beyond those damages as plead and thereby exacerbate the damages herein.

148.    As a direct and proximate result of the civil conspiracy among all Defendants, damages sustained for the underlying wrongs and acts by each and every Defendant individually is attributable to all as a whole.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants named in this Claim for Relief, jointly and severally, for:

       a)    Compensatory damages in an amount that will fully and fairly compensate the Plaintiff Seth Fletcher, for his injuries, damage and loss;

b)     Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c)     Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d)     All such other relief which the Court deems appropriate.

**TRIAL BY JURY ON ALL CLAIMS FOR RELIEF HEREBY DEMANDED.**

/s/ Nicholas A. DiCello
NICHOLAS A. DICELLO (0075745)
SPANGENBERG SHIBLEY & LIBER LLP
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (FAX)
ndicello@spanglaw.com

/s/James J. Harrington, IV
JAMES J. HARRINGTON, IV (P65351)
Admitted Pro Hac Vice
FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
(248) 355-5148 (FAX)
j.harrington@fiegerlaw.com
Counsel for Plaintiff